UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
NELSON ARIAS VALENCIA,                  :
                          Petitioner,   :       09 Civ. 8322 (DLC)
                                        :       05 Cr. 1262 (DLC)
             -v-                        :
                                        :       OPINION & ORDER
UNITED STATES OF AMERICA,               :
                          Respondent.   :
                                        :
----------------------------------------X

Appearances:

For Petitioner:

Gino Josh Singer
299 Broadway
New York, New York 10007

For Respondent:

Marc P. Berger
Assistant United States Attorney
U.S. Attorney's Office for the
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007


DENISE COTE, District Judge:

    Nelson Arias Valencia ("Valencia") has filed a petition for

a writ of habeas corpus pursuant to 28 U.S.C. § 2255, alleging

that his retained counsel failed to provide effective assistance

to him when he was sentenced in 2008 following the entry of a

plea of guilty to narcotics charges.  For the following reasons,

the petition is denied.

BACKGROUND

Valencia was charged in a two-count indictment with conspiring to import five kilograms and more of cocaine into the United States and with manufacturing and distributing five kilograms and more of cocaine intending and knowing that it would be unlawfully imported into the United States.  Valencia participated in a drug trafficking organization in Colombia that relied on active and former Colombian National Police to move drugs through the country's airports and harbors.  1,700 kilograms destined for the United States were seized in Bogota as a result of an investigation of the organization's activities.

Valencia was arrested in Colombia on August 19, 2006, and extradited on September 17, 2007, to the Southern District of New York.  He entered a plea of guilty on December 28, 2007 before a Magistrate Judge pursuant to a plea agreement with the Government that calculated his sentencing guidelines range as 135 to 168 months in prison.  The agreement included a waiver of appellate rights.

Valencia was imprisoned at the Metropolitan Correctional Center ("MCC"), which became concerned that Valencia was suicidal.  Pursuant to court order, Valencia was transferred to FMC Devens in January 2008.  Clinicians at Devens reported that Valencia was doing well, had no suicidal ideations, was not

depressed, was stable, and was responding well to medication. With the consent of both the defendant and the Government, the Court then ordered that the Bureau of Prisons conduct a psychiatric examination of Valencia.  After the report of that examination was completed, Valencia was returned to the MCC. The report concluded that Valencia was competent and able to rationally assist his counsel.

The Court ordered Valencia to indicate by July 2, 2008, whether it "may accept the defendant's plea of guilty," which had been taken by the Magistrate Judge.  On June 30, defense counsel wrote that Valencia was in good spirits and resolute in his desire to stand by his plea.  On July 1, the Court accepted the plea.

The Probation Department's Presentence Report also calculated the sentencing guidelines range as 135 to 168 months' imprisonment, and recommended a sentence of 135 months' imprisonment.  Defense counsel provided a written submission dated September 23, 2008, which emphasized, inter alia, that Valencia had spent more than a year in Colombia's Combita prison.

Sentencing occurred on October 3, 2008.  The Court confirmed with defense counsel that Valencia's episode of depression was sufficiently behind him so that it was appropriate to proceed with the sentencing and that Valencia was

competent.  Defense counsel reviewed some of the history of his client's mental health problems while in custody and reported that in his recent visits with Valencia the defendant had been relaxed and alert, much improved, and did not exhibit any signs of depression.  Defense counsel added, however, that as the report from Devens indicated, someone who has experienced a breakdown is at risk of having another such episode and that the defendant's mental health was the most significant issue for the Court to consider in imposing sentence.  Defense counsel made an application for a non-guidelines sentence.  He admitted that Valencia was a leader in the narcotics activity and not a minor participant, but emphasized Valencia's family ties and his suffering since incarcerated.

When the defendant spoke, he apologized, expressed his gratitude for the help he had received when he was experiencing his mental health problems at the MCC, and asked to be returned to his family.  The Court imposed a sentence of principally 135 months' imprisonment.  Among its recommendations to the Bureau of Prisons, the Court requested that Valencia receive mental health care, including anti-depressant medication.

Valencia filed an appeal, but later withdrew it.  On October 1, 2009, an attorney filed the instant petition on his behalf.  The petition became fully submitted on December 3, 2009.

DISCUSSION

Valencia asserts that his attorney provided ineffective assistance at his sentencing.  The Supreme Court has defined a two-part test for evaluating ineffective-assistance claims.  See Strickland v. Washington, 466 U.S. 668, 687 (1984); accord Palacios v. Burge, 589 F.3d 556, 561 (2d Cir. 2009).  First, "the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment."  Strickland, 466 U.S. at 687.  Second, "the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  Id.  While a petitioner must prove both incompetence and prejudice, "there is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the defendant makes an insufficient showing on one."  Id. at 697.

The Strickland standard is a high bar for Valencia.  A constitutional claim does not arise unless a lawyer's error is so egregious as to amount to a failure to provide even minimal professional representation.  See, e.g., Lynn v. Bliden, 443 F.3d 238, 247 (2d Cir. 2006); Lindstadt v. Keane, 239 F.3d 191, 198-199 (2d Cir. 2001).  The burden of proving prejudice is

equally stringent in that petitioner must show a "reasonable probability" that, but for the counsel's errors, the result of the proceeding would have been different.  <u>Strickland</u>, 466 U.S. at 693.

Valencia argues that his retained counsel failed to present at sentencing the mitigating evidence of the harsh prison conditions which Valencia endured in Combita and Valencia's "fragile mental state, and the likelihood that his condition would repeat itself and cause further mental deterioration and distress were he to be sentenced to a lengthy term of incarceration."  Only the first of these two issues needs to be addressed in any detail.  At the sentencing proceeding, defense counsel highlighted Valencia's mental health needs and the risk of a recurrence of his depression.  Thus, there is no basis to find that he failed to do so.

Valencia has failed to show either that his counsel did not represent him adequately at sentencing, or that he was prejudiced by the limited argument his attorney made regarding the conditions at Combita.  Defense counsel's written sentencing submission did raise the issue of the Colombian prison conditions, which was an issue with which the Court was already familiar.  Valencia's co-defendants made extended arguments about the conditions in Combita in sentencing proceedings. Defense counsel's decision to emphasize Valencia's mental health

history was entirely reasonable in the circumstances and falls comfortably within the range of responsible representation at sentencing.

Valencia has also failed to demonstrate prejudice.  He has not shown that more emphasis on the conditions at Combita would have had any affect on the sentence.  The petition does not identify any particular experience that Valencia had while at Combita that was noteworthy.  The Court rejected the motions for a downward departure and a non-guidelines sentence made by co-defendants based on the general conditions at Combita.  Valencia was sentenced at the lowest end of the sentencing guidelines range and he has not shown that the presentation of the information contained in the petition regarding Combita would have resulted in any lower sentence.

CONCLUSION

Valencia's October 1, 2009 petition for a writ of habeas corpus is denied.  In addition, the Court declines to issue a certificate of appealability.  Valencia has not made a substantial showing of a denial of a federal right pursuant to 28 U.S.C. § 2253(c), and appellate review is therefore not warranted.  Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005). The Court also finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith.

Coppedge v. United States, 369 U.S. 438, 445 (1962). The Clerk

of Court shall close the case.

SO ORDERED:

Dated:    New York, New York
          March 4, 2010

_____
          DENISE COTE
United States District Judge